# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 19-1913V

(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                *
AUDREY CLAPP,                   *       Chief Special Master Corcoran
                                *
                 Petitioner,    *       Filed: March 25, 2024
       v.                       *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
                 Respondent.    *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Jennifer A. Shah,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES[1]

On December 18, 2019, Audrey Clapp filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleges she developed Guillain-Barré syndrome due to receipt of an influenza vaccine on December 3, 2017. Pet. at 1. A hearing was held in the matter on January 19, 2023, and I denied entitlement. Decision, dated October 27, 2023 (ECF No. 57) ("Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated March 7, 2024 (ECF No. 61) ("Final Fees Mot."). A prior, interim fees award was issued in

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

2023. *See* ECF No. 53 ("Interim Fees Decision"). Petitioner requests a total of $12,897.50 in fees incurred for the services of Mr. David Carney in the period beyond what he received fees for previously. Final Fees Mot. at 3. Petitioner does not appear to have incurred any additional costs beyond what were previously awarded. Respondent reacted to the final fees request on March 21, 2024. Response, dated March 21, 2024 (ECF No. 62) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$12,897.50**.

## ANALYSIS

Although this was an unsuccessful claim, I previously determined it possessed sufficient reasonable basis for a fees award (*see* Interim Fees Decision), and nothing has changed since that time that would result in a finding that the claim now lacks reasonable basis.

Calculating the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| Attorney | 2023 | 2024 |
|----------|------|------|
| **Mr. David Carney** | $425.00 | $450.00 |

Final Fees Motion at 14–17.

Mr. Carney practices in Philadelphia, PA—a jurisdiction that has been deemed "in forum." Accordingly, he should be paid forum rates as established in *McCulloch. See Mason-Chavez v. Sec'y of Health & Hum. Servs.*, No. 21-1989V, 2024 WL 920568 (Fed. Cl. Spec. Mstr. Jan. 30, 2024). The rates requested for Mr. Carney are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Orion v. Sec'y of Health & Hum. Servs.*, No. 20-806V, 2024 WL 966813 (Fed. Cl. Spec. Mstr. Jan. 29, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$12,897.50.** in the form of a check made jointly payable to Petitioner and her attorney Mr. David Carney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited March 25, 2024).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.